# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1649V

| | |
|---|---|
| ANDREW PETERSON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: August 31, 2023 |

*John Robert Howie*, Howie Law, PC, Dallas, TX, for Petitioner.

*Michael Joseph Lang*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On November 23, 2020, Andrew Peterson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received on January 8, 2019. Petition at 1. On April 20, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 58.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $71,984.06 (representing $70,918.30 for fees and $1,065.76 for costs). Petitioner's Application for Fees and Costs, filed Apr. 24, 2023, ECF No. 62. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 62-4.

Respondent reacted to the motion on April 26, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 63. The same day, Petitioner filed a reply stating that "Petitioner does not intend to file a substantive reply to Respondent's response." ECF No. 64.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 62 at 1-2. Petitioner has also requested 2023 attorney hourly rates as follows: $492 for work performed by John Howie - representing a rate increase of $26. *Id.* at 1. Additionally, Petitioner requests an hourly rate of $170 for paralegal work performed in 2023. *Id.* at 2. I find these hourly rates to be reasonable.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed Oct. 12, 2022, ECF No. 48 (reporting an impasse in damages discussions); Petitioner's Brief on Damages, filed Nov. 16, 2022, ECF No. 50; Petitioner's Reply Brief on Damages, filed Jan. 4, 2023, ECF No. 52. Petitioner's counsel expended approximately 41.9 hours drafting the damages brief and 13.9 hours drafting the reply brief, totaling 55.8[3] hours. ECF No. 62-2 at 9-10.

My above calculation does not include time spent preparing the initial demand which would have informed this later work – 10.0 hours – and I am therefore awarding fees associated with that task in full.[4] Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 62-2 at 10 (entry dated 10/13/22).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to

---

[3] This total is calculated as follows: 48.5 hours billed on: 9/28/22 (two entries), 9/30/22, 10/2/22, 10/3/22, 10/4/22, 10/11/22, 10/12/22, 11/1/22, 11/2/22 (two entries), 11/15/22, 11/16/22, 12/16/22, 12/27/22, 12/28/22 by John Howie at a rate of $466 and 7.3 hours billed on 1/3/23 by John Howie at a rate of $492.

[4] This time was billed by John Howie in 2022, using an hourly rate of $466, and results in $6,112.50 in attorney's fees. ECF No. 62-2 at 7-8.

time spent in this matter),[5] in which attorneys have accomplished this task in about half the time.[6] *See,* e.g., *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting a damages brief); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 4, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively).

The circumstances of this case did not warrant devoting so much time to the damages briefing. The primary area of dispute involved the appropriate amount of compensation for Petitioner's past pain and suffering. *See Peterson v. Sec'y of Health & Hum. Servs.,* No. 20-1649V, 2023 WL 3591166, at *6 (Fed. Cl. Spec. Mstr. Apr. 20, 2023). The parties' views differed by $55,000.00 - Petitioner sought $150,000.00, and Respondent countered with $95,000.00. *Id.* at *6-8. I ultimately awarded an amount closer to that proposed by Petitioner ($130,000.00), only differing by $20,000.00 – showing the value of the briefing submitted. However, the amount of hours expended still were excessive.

Of course, having prevailed in this case, a fees award is generally appropriate. *See Peterson*, 2023 WL 3591166, at *11. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded

---

[5] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[6] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited July 21, 2023).

for damages briefing (**a total of 55.8 hours, or $26,192.60**) by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[7] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $7,857.78.**[8]

## ATTORNEY COSTS

Petitioner requests $1,065.76 in overall costs. ECF No. 62-3. He has provided receipts for all but expenses of $43.56 for copying and $5.19 for postage. *Id.* I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$64,126.28 (representing $63,060.52 for fees and $1,065.76 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, John R. Howie, Jr.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See, e.g., Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[8] This amount is calculated as follows: (48.5 x $466 x .30) + (7.3 x $492 x .30) = $7,857.78.

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.